## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **ELIZABETH MARTIN,** on behalf of herself and others similarly situated, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:21-cv-93 |
| | : | |
| v. | : | JUDGE |
| | : | |
| **ADVANCED FOOT & ANKLE CARE CENTERS OF OHIO, LLC**, | : | MAGISTRATE JUDGE |
| c/o Norma A. Polansky | : | **JURY DEMAND ENDORSED** |
| 1000 Michigan Ave. | : | **HEREON** |
| Sidney, OH 45365 | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiff Elizabeth Martin ("Named Plaintiff" or "Martin"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Complaint against Defendant Advanced Foot & Ankle Care Centers of Ohio, LLC ("AFACC" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.       JURISDICTION AND VENUE

1.       This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2.       This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.       Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II.       THE PARTIES

### Named Plaintiff

4.       Named Plaintiff is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

5.       At all times relevant herein, Named Plaintiff was employed by Defendant as an hourly, non-exempt employee from approximately April 2016 to January 2021 at Defendant's Sidney Office located at 1000 Michigan Street, Sidney, Ohio 45365.

6.       Named Plaintiff brings this action on behalf of herself and those similarly situated, and she has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**Opt-In Plaintiffs**

7.     In addition to Named Plaintiff, Kaylee Rayne ("Rayner" or "Opt-In Plaintiff Rayner"), Stephanie Jones ("Jones" or "Opt-In Plaintiff Jones"), "Angel Penny ("Penny" or "Opt-In Plaintiff Penny"), and Stephanie Homan ("Homan" or "Opt-In Plaintiff Homan") (collectively Opt-In Plaintiff Rayner, Opt-In Plaintiff Jones, Opt-In Plaintiff Penny, and Opt-In Plaintiff Homan will be referred to collectively as the "Opt-In Plaintiffs") have signed Consent to Join forms which are being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consents to Join*, attached hereto as **Exhibit B**). Named Plaintiff and Opt-In Plaintiffs will be collectively referred to as "Plaintiffs."

**Defendant**

8.     Defendant is a domestic limited liability company that provides podiatric healthcare services in the Southern District of Ohio.

9.     Defendant operates and manages four (4) offices in the Southern District of Ohio.[1]

10.     At all relevant times, Defendant has had direct or indirect control and authority over Plaintiffs and other similarly situated employees' working conditions.  At all relevant times, Defendant exercised that authority and control over Plaintiffs and other similarly situated employees.

11.     At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Plaintiffs and other similarly situated employees at all locations operated and managed by Defendant and where Plaintiffs and other similarly situated employees worked.  At all relevant times, Defendant exercised that authority and control over Plaintiffs and other similarly situated employees.

---

[1] *See* https://footandanklecare.org/about/locations last viewed on March 16, 2021.

12.     At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

13.     Upon information and belief, Defendant applies or causes to be applied, substantially the same employment policies, practices, and procedures to all employees at all of Defendant's locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

14.     At all relevant times, Defendant suffered or permitted Plaintiffs and other similarly situated employees to work. The work that Plaintiffs and other similarly situated employees performed was for Defendant's benefit.

15.     Defendant was as an "employer" of employees at all of its locations as defined in, or for the purposes of, the FLSA and the Ohio Acts. Defendant is a single integrated enterprise and/or a joint employer of Plaintiffs and all other similarly situated employees.

16.     Defendant operates, controls, enterprises, and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17.     At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III.     STATEMENT OF FACTS

18.     Defendant employed Plaintiffs and other similarly situated employees as hourly, non-exempt employees.

19.     Plaintiffs and other similarly situated employees worked more than 40 hours in one or more workweeks.

20.     During their employment with Defendant, Plaintiffs and other similarly situated employees were not fully and properly paid for all overtime wages because of Defendant's pay policy and/or practice to not include hourly employees' time worked at home toward their total hours worked in a workweek for purposes of calculating overtime hours.

21.     Specifically, Defendant encouraged Plaintiffs and other similarly situated employees to work from home and record those hours worked. However, Defendant listed these hours worked as a "Miscellaneous" and paid Plaintiffs and other similarly situated employees at their base hourly rate of pay for these hours. Defendant did not include the "Miscellaneous" hours worked for the purposes of determining if an employee worked overtime and did not pay any overtime premium for such hours if they constituted overtime work hours.

22.     For example, if Plaintiffs and other similarly situated employees worked 40 hours at the office and 10 hours at home, Defendant paid their base hourly rate of pay for all hours worked. If Plaintiffs and other similarly situated employees worked 45 hours from the office and 10 hours at home, Defendant would pay them 5 hours of overtime and 50 hours at their base hourly rate of pay (40 hours would be included in "Regular" and 10 hours would be included in "Miscellaneous" on the pay stubs) instead of 15 hours at their overtime rate of pay.

23.     Plaintiffs complained to Defendant that they were not being paid overtime for all hours worked over 40 as a result of Defendant's policy and/or practice to pay straight time for work-at-home hours; however, Defendant stated it was not going to pay Plaintiffs overtime for time spent working from home.

24. During the last three years preceding the filing of this Complaint, Plaintiffs and other similarly situated employees regularly worked from home in workweeks where they worked in excess of 40 hours; however, Defendant did not pay them one and one-half times their regular rate of pay for all hours worked over 40.

25. Consequently, Defendant failed to properly compensate Plaintiffs and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

26. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

27. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

28. Defendant is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages or it otherwise failed to maintain such documents and information.

29. For the three years preceding the filing of the Complaint, Defendant applied the same pay policies and practices to all hourly, non-exempt employees, including Plaintiffs, at all of its locations.

30. Plaintiffs and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and/or practices described herein.

31. Defendant knew or should have been aware that Plaintiffs and other similarly situated employees worked from home in workweeks where they worked in excess of 40 hours

and that they were entitled to be paid an overtime rate based on their regular rate of pay, as that phrase is defined under the FLSA, but Defendant willfully elected not to fully compensate its employees during all times relevant.

## IV. COLLECTIVE ACTION ALLEGATIONS

32.     Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:  consisting of:

> All current and former hourly, non-exempt employees of Defendant who performed more than 40 hours of work in at least one workweek when adding their office hours of work with their hours of at home work, beginning three years prior to the filing date of the Complaint and continuing through the date of the final disposition of this case ("FLSA Collective" or the FLSA Collective Members").

33.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

34.     In addition to Plaintiffs, the putative FLSA Collective Members have been denied proper overtime compensation due to Defendant's company-wide payroll policy and practices described herein.  Defendant failed to meet the minimum requirements of the FLSA by not paying Plaintiffs and the putative FLSA Collective Members overtime at a rate of at least one and one-half times their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

35.     The identity of the putative FLSA Collective Members is known to Defendant and is readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of

collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

36.     The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Plaintiffs and FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Plaintiffs and FLSA Collective Members.

## V.  RULE 23 ALLEGATIONS

37.     Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of herself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt employees of Defendant who performed more than 40 hours of work in at least one workweek when adding their office hours of work with their hours of at home work, beginning two years prior to the filing date of the Complaint and continuing through the date of the final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

38.     During relevant times, Plaintiffs and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek in workweeks where they also worked from home, but were not correctly compensated at a rate of at least one and one-half times their correct regular rate of pay, as that phrase is defined under the FLSA, for all hours worked in excess of 40 because of Defendant's policies and/or practices described herein.

39.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

40.     Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

41.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

42.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

43.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

44.     Questions of law and fact are common to the Ohio Rule 23 Class.

45.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

46.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

47.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

48.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty hours per week because of failing to include work-at-home hours into the total hours worked; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime

compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

49.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

50.     All of the preceding paragraphs are realleged as if fully rewritten herein.

51.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself, the Opt-In Plaintiffs, and the FLSA Collective.

52.     During the relevant time period, Defendant employed the Plaintiffs and the FLSA Collective Members.

53.     Plaintiffs and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

54. Plaintiffs and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweeks during all times relevant.

55. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

56. The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

57. Plaintiffs and the FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

58. Plaintiffs and the FLSA Collective Members should have been paid overtime for all hours worked in excess of forty (40) hours per workweek during the three years from the filing date of the Complaint.

59. Defendant violated the FLSA with respect to Plaintiffs and the FLSA Collective Members by, *inter alia*, failing to include work-at-home time in their total hours worked in a workweek for purposes of calculating overtime hours. Instead, Defendant paid them their base hourly rate of pay for all work-at-home hours, including all such hours that constituted overtime work.

60. As a result, Defendant failed to fully compensate Plaintiffs and the FLSA Collective Members at one-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks because of Defendant's policies and/or practices described herein.

61. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiffs and the FLSA Collective Members are entitled.

62.     The exact total amount of overtime compensation that Defendant failed to pay Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

63.     As a direct and proximate result of Defendant's conduct, Plaintiffs and the FLSA Collective Members have suffered and continue to suffer damages. Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT II
### R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

64.     All of the preceding paragraphs are realleged as if fully rewritten herein.

65.     This claim is brought under Ohio law, which incorporates the FLSA without limitation.

66.     Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

67.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

68.     Plaintiffs and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not correctly paid their overtime rate for all hours worked over forty (40) in a workweek in workweeks that they worked from home at least part of the time.

69.     Defendant's company-wide policies and/or practices described herein resulted in unpaid overtime wages for Plaintiffs and Ohio Rule 23 Class.

70.     Plaintiffs and those similarly situated Ohio employees were not exempt from the wage protections of Ohio Law.

71.     Defendant violated the Ohio Wage Act with respect to Plaintiffs and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them overtime for all hours worked over forty (40) hours in a workweek because of Defendant's work-at-home policy and/or practice as described herein.

72.     Plaintiffs and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

73.     Defendant's repeated and knowing failure to pay overtime wages to Plaintiffs and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendant acted willfully.

74.     For Defendant's violations of R.C. §4111.03, by which Plaintiffs and those similarly situated Ohio employees have suffered and continue to suffer damages; Plaintiffs and those similarly situated Ohio employees seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### R.C. § 4113.5 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT

75.     All of the preceding paragraphs are realleged as if fully rewritten herein.

76.     During relevant times, Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant.

77.     During relevant times, Defendant was an entity covered by the OPPA, and Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

78.     The OPPA requires Defendant to pay Plaintiffs and Ohio Rule 23 Class all wages, including unpaid overtime, in accordance with R.C. § 4113.15(A).

79.     During relevant times, Plaintiffs and the Ohio Rule 23 Class were not paid all overtime wages they earned within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

80.     Plaintiffs' and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

81.     Plaintiffs and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

82.     In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

<u>COUNT IV</u>
**RULE 23 CLASS ACTION FOR DAMAGES PURSUANT TO R.C. 2307.60**

83.     All of the preceding paragraphs are realleged as if fully rewritten herein.

84.     The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

85.     By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiffs and the Ohio Rule 23 Class have been injured as a result.

86.     R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

87.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and the Ohio Rule 23 Class are entitled to compensatory and punitive damages pursuant to R.C. § 2307.60.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant for an Order:

A.      Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.      Certifying the proposed Rule 23 Class under the Ohio Acts;

D.      Finding Defendant failed to keep accurate records, and, as such, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.      Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.      Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G.      Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H.      Awarding Named Plaintiff and the Rule 23 Class Members compensatory and punitive damages under O.R.C. § 2307.60;

I.      Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

J.      Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

K.      Issuing an injunction prohibiting Defendant from engaging in present, ongoing, and future violations of the FLSA and the Ohio Wage Act;

L.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

M.      Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

N.      An Order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

O.      Such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman* _____
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        agedling@mcoffmanlegal.com
        khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman
